1    Robert P. Donovan (*pro hac vice*)
     robert.donovan@stevenslee.com
2    STEVENS & LEE
3    669 River Drive, Suite 201
     Elmwood Park, New Jersey 07407
4    Telephone:  (201) 857-6778
     Facsimile:  (610) 371-7938
5
6    Jason H. Wilson (Bar No. 140269)
     jwilson@willenken.com
7    Kirby Hsu (Bar No. 312535)
     khsu@willenken.com
8    WILLENKEN LLP
9    707 Wilshire Boulevard, Suite 3850
     Los Angeles, California 90017
10   Telephone:  (213) 955-9240
     Facsimile:  (213) 955-9250
11
12   Attorneys for Defendants,
     ARIZONA BEVERAGES USA LLC AND HORNELL
13   BREWING CO., INC.

14                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
15

16   MARCIA CAMPBELL, individually, and on        CASE NO. 4:22-cv-02752-JST
     behalf of those similarly situated,
17
                          Plaintiff,
18                                                 DEFENDANTS' NOTICE OF MOTION AND
          v.                                       MOTION TO DISMISS COMPLAINT
19                                                 UNDER FED. R. CIV P. 12(b)(6);
     ARIZONA BEVERAGES USA LLC and                 MEMORANDUM OF POINTS AND
20   HORNELL BREWING CO., INC.,                    AUTHORITIES IN SUPPORT
21                        Defendants.

22

23   **TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

24        **PLEASE TAKE NOTICE** that on September 1, 2022, at 2:00 p.m., or as soon thereafter

25   as the matter may be heard, before the Honorable Jon. S. Tigar, United States District Judge, at

26   the United States Courthouse, 1301 Clay Street, Oakland, California, Courtroom 6, 2nd Floor,

27   defendants, Arizona Beverages USA LLC and Hornell Brewing Co., Inc. ("Defendants"), will

28   and hereby do move to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure

1   12(b)(6) on the following grounds:

2       1.      The claims that the labels of the products in question contain deceptive statements

3   about fruit content are expressly preempted.

4       2.      Plaintiff fails to plead sufficient facts regarding how or why a significant portion

5   of the general consuming public could be misled by Defendants' "Made With Real Fruit" and/or

6   "Fruit is Our First Ingredient" labeling.

7       3.      The claim for breach of express warranty fails because the labels and marketing

8   statements, forming the basis of that claim, contain no statement about a significant amount of

9   fruit.

10      4.      The claim for breach of warranty is not cognizable because no contractual privity

11  is alleged and as Defendants make no statement about a significant amount of fruit.

12      5.      Plaintiff cannot sue for equitable relief, in the form of restitution and/or for unjust

13  enrichment, absent alleging facts of an inadequate remedy at law.

14      6.      Plaintiff's fraud claims, based upon advertising and marketing, fail under Fed. R.

15  Civ. P. 9(b).

16      This motion is based upon this motion, the accompanying memorandum of points and

17  authorities, the accompanying declarations, the record in this action, and all matters in which the

18  Court may take notice and any arguments presented at the time of hearing.

19

20  Dated:  July 22, 2022                    By:   _/s/ Robert P. Donovan_
                                                   ROBERT P. DONOVAN

21

22                                                 STEVENS & LEE
                                                   669 River Drive, Suite 201
23                                                 Elmwood Park, New Jersey 07407
                                                   Telephone: (201) 857-6778
24                                                 Facsimile: (201) 857-6761
                                                   _Robert.donovan@stevenslee.com_
25
                                                   _Attorneys for Defendants,_
26                                                 _Arizona Beverages USA LLC and_
                                                   _Hornell Brewing Co., Inc._
27

28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

I.    SUMMARY OF ARGUMENT/STATEMENT OF ISSUES PRESENTED ...................1

II.   PROCEDURAL HISTORY AND SUMMARY OF ALLEGED FACTS..........................2

III.  ARGUMENTS AND AUTHORITIES.............................................................................2

    A.    Plaintiff's Complaint Fails to State a Claim ......................................................3

        1.    Applicable Standard.................................................................................3

    B.    Federal Law Expressly Preempts Plaintiff's Claims That the Use
        Of Fruit Depictions and Images on the Labels are Actionable ...............................4

        1.    The Labels Comply With 21 C.F.R. § 101.22(i)..........................................4

    C.    Plaintiff Fails to State Sufficient Facts Supporting Allegations
        That the Labels Likely Mislead the Reasonable Consumer.....................................7

        1.    The Publications Cited in the Complaint Contain No Facts
            Supporting Allegations That Members of the Public are
            Likely to be Deceived .............................................................................11

        2.    Some of the Documents Contravene the Claims Made in
            the Complaint.........................................................................................13

    D.    No Claim for Express Warranty Exists Because Defendants Do
        Not Represent That a Significant Amount of Fruit is Contained
        in the Fruit Snacks ...........................................................................................14

    E.    No Claim for Implied Warranty is Pled Because There is No
        Allegation of Privity and for the Same Reason That the Express
        Warranty Claim Fails.......................................................................................14

    F.    Plaintiff Has Not Alleged an Inadequate Remedy at Law and
        Cannot Seek Equitable Relief in the Form of Restitution and/or
        Make Claims for Unjust Enrichment ...................................................................15

    G.    The Fraud Claims About Advertising and Marketing Fail to Include
        the Required Particularity Under Fed. R. Civ. P. 9(b) ...........................................16

CONCLUSION....................................................................................................................16

---

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Federal Cases**

4

*Alamilla v. Hain Celestial Grp., Inc.*,

5
    30 F. Supp. 3d 943 (N.D. Cal. 2014) ....................................................................13

6

*Allen v. ConAgra Foods, Inc.*,

7
    2013 WL 4737421 (N.D. Cal. Sept. 3, 2013) ............................................................4

8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...............................................................................................3

9

*Astiana v. Ben & Jerry's Homemade, Inc.*,

10
    2011 WL 2111796 (N.D. Cal. May 26, 2011) ..........................................................4

11

*Bly-Magee v. California*,
    236 F.3d 1014 (9th Cir. 2001) ...............................................................................16

12

13

*Brod v. Sioux Honey Ass'n. Coop.*,
    927 F. Supp. 2d 811 (N.D. Cal. 2013) .....................................................................8

14

*Carrea v. Dreyer's Grand Ice Cream, Inc.*,

15
    475 Fed. App'x 113 (9th Cir. Apr. 5, 2012) ............................................................9

16

*Chuang v. Dr. Pepper Snapple Grp., Inc.*,

17
    2017 WL 4286577 (C.D. Cal. Sept. 20, 2017) ....................................................6,14

18

*City of Arcadia v. U.S. Env't. Prot. Agency*,
    411 F.3d 1103 (9th Cir. 2005) .................................................................................3

19

*Clemens v. DaimlerChrysler Corp.*,

20
    534 F3d 1017 (9th Cir. 2008) ................................................................................15

21

*Coto Settlement v. Eisenberg*,

22
    593 F.3d 1031 (9th Cir. 2010) .................................................................................4

23

*Cruz v. Anheuser-Busch*,
    682 Fed. App'x. 583 (9th Cir. Mar. 16, 2017).........................................................9

24

*Dvora v. Gen. Mills*,

25
    2011 WL 1897349 (C.D. Cal. May 16, 2011) .......................................................6,7

26

*Ebner v. Fresh, Inc.*,

27
    838 F.3d 958 (9th Cir. 2016) ...........................................................................7,8,10

28

*Eidmann v. Walgreen Co.*,
    522 F. Supp. 3d 634 (N.D. Cal. 2021) ........................................................................3

*Fahey v. Whole Foods Mkt., Inc.*,
    2021 WL 2816919 (N.D. Cal. June 30, 2021) ...........................................................8

*Fayer v. Vaughn*,
    649 F.3d 1061 (9th Cir. 2011) ...................................................................................3

*Hairston v. S. Beach Beverage Co.*,
    2012 WL 1893818 (C.D. Cal. May 18, 2012) ............................................................8

*Henderson v. Gruma Corp.*,
    2011 WL 1362188 (C.D. Cal. Apr. 11, 2011) ...........................................................9

*Hrapoff v. Hisamitsu America, Inc.*,
    2022 WL 2168076 (N.D. Cal. June 16, 2022) ..........................................................15

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) .................................................................................16

*Manchouck v. Mondelez Int'l Inc.*,
    2013 WL 5400285 (N.D. Cal. Sept. 26, 2013) .........................................................11

*Mazella v. Coca-Cola Company*,
    2021 WL 2940926 (S.D.N.Y. July 12, 2021) ...........................................................13

*McKinniss v. Gen. Mills, Inc.*,
    2007 WL 4762172 (C.D. Cal. Sept. 18, 2007) ........................................................7,9

*McKinniss v. Sunny Delight Beverages Co.*,
    2007 WL 4766525 (C.D. Cal. Sept. 4, 2007) ............................................................7

*Nat'l Council for Improved Health v. Shalala*,
    122 F.3d 878 (10th Cir. 1997) ...................................................................................4

*Puri v. Costco Wholesale Corp.*,
    2021 WL 6000078 (N.D. Cal. Dec. 20, 2021) ...........................................................4

*Red v. Kraft*,
    2012 WL 5504011 (C.D. Cal. Oct. 25, 2012) .........................................................9,11

*Romero v. Flowers Bakeries, LLC*,
    2016 WL 469370 (N.D. Cal. Feb. 8, 2016) ...............................................................9

*Rooney v. Cumberland Packing Corp.*,
    2012 WL 1512106 (S.D. Cal. Apr. 16, 2012) ............................................................8

*Samet v. Procter & Gamble Co.*,
  2013 WL 3124647 (N.D. Cal. June 18, 2013) ............................................................6

*Sommer v. Snapple Beverage Corp.*,
  2021 WL 6754525 (N.D. Cal. Sept. 20, 2021) ..........................................................8

*Sonner v. Premier Nutrition Corporation*,
  971 F.3d 834 (9th Cir. 2020) ...........................................................................2,15,16

*Tabak v. Apple, Inc.*,
  2020 WL 9066153 (N.D. Cal. Jan. 30, 2020) ...........................................................14

*Viggiano v. Hansen Natural Corp.*,
  944 F. Supp. 2d 877 (C.D. Cal. 2013) .....................................................................11

*Werbel ex rel. v. Pepsico, Inc.*,
  2010 WL 2673860, (N.D. Cal. July 2, 2010) ...........................................................14

*Workman v. Plum Inc.*,
  141 F. Supp. 3d 1032 (N.D. Cal. 2015) .................................................................9,10

*Yumul v. Smart Balance, Inc.*,
  733 F. Supp. 2d 1117 (C.D. Cal. 2010) ...................................................................11

**State Cases**

*Lavie v. Procter & Gamble Co.*,
  129 Cal. Rptr. 2d 486 (2003) ....................................................................................8

*In re Tobacco II Cases*,
  46 Cal. 4th 298 (2009) ...............................................................................................7

**Federal Statutes**

Federal Food, Drug, and Cosmetic Act.................................................................. *passim*

21 U.S.C. § 343-1(a)(2) ...............................................................................................5,7

21 U.S.C. § 343-1(a)(3) ...............................................................................................5,7

21 U.S.C. § 343(i) .......................................................................................................5,7

21 U.S.C. § 343 (k) ......................................................................................................5,7

**State Statutes**

Cal. Business & Professions Code (§§ 17200, *et seq*). ...................................................................2

California Consumer Legal Remedies Act (§ 1750, *et seq*.).................................................. *passim*

California's False Advertising Law (Cal. Business & Professions Code, §§ 17500, *et seq*.) ....................................................................................................................................2

**Rules**

Fed. R. Civ. P. 9(b) ...............................................................................................................2,16

Federal Rule of Civil Procedure 12(b)(6) ........................................................................ *passim*

Rule 12 ...................................................................................................................................8,10

**Regulations**

21 C.F.R. § 101.22(i) ...........................................................................................................4,5,6

21 C.F.R. § 101.22(i)(1).............................................................................................................6

## I.  SUMMARY OF ARGUMENT/STATEMENT OF ISSUES PRESENTED

Defendants, Arizona Beverages USA LLC and Hornell Brewing Co., Inc. ("Defendants"), submit the within memorandum of law in support of their motion to dismiss the complaint ("Complaint" or, at times, "Compl.") filed by plaintiff, Marcia Campbell ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(6).  As is set forth more fully below, just grounds exist to dismiss the Complaint because:

- Plaintiff claims being deceived by the labeling of Defendants' Arnold Palmer Half & Half Mixed Flavor Fruit Snacks and Green Tea Mixed Flavor Fruit Snacks (collectively, the "Fruit Snacks") due to terms "Made with Real Fruit," "Fruit is Our First Ingredient" and the depiction of fruit images.  (Compl. ¶¶ 4-10).  To the extent Plaintiff claims that use of fruit images and terms on the labels require a specified fruit content, such claims are preempted by the express preemption provisions in the Federal Food, Drug, and Cosmetic Act ("FDCA") and by regulations promulgated by the Food and Drug Administration ("FDA").  Federal law expressly preempts Plaintiff's claim that use of a fruit term and image is deceptive because FDA regulations authorize the use of fruit terms and depictions to describe the characterizing flavor of the Fruit Snacks.

- Plaintiff is required to plead facts as to how or why the general consuming public, acting reasonably in the circumstances, could be misled.  Plaintiff does not allege that the Fruit Snacks do not contain pear juice from fruit juice concentrate, as set forth on the statement of ingredients.  Instead, Plaintiff claims that pear juice is not real fruit.  The publications referenced in the Complaint do not support the conclusory allegation that a reasonable consumer would consider a product containing pear juice from fruit juice concentrate not a product made with real fruit.

- No claim for breach of express warranty exists because the labels and marketing statements, alleged to form the basis of that claim, contain no statement about a significant amount of fruit.

- The claim for breach of warranty fails because no contractual privity is alleged and for the same reason that the express warranty claim fails.

- Plaintiff seeks monetary damages but does not claim that an inadequate remedy at law exists. He nevertheless sues for equitable relief, in the form of restitution and/or unjust enrichment, but those claims are not cognizable under rationale of *Sonner v. Premier Nutrition Corporation,* 971 F.3d 834, 844 (9th Cir. 2020).

- The allegations of fraud, based upon advertising and marketing, do not include sufficient particularity as required under Fed. R. Civ. P. 9(b).

## II. <u>PROCEDURAL HISTORY AND SUMMARY OF ALLEGED FACTS</u>

This matter arises out of a complaint filed on May 9, 2022. (ECF No. 1). Plaintiff claims buying the Fruit Snacks for $2.50 "per bag," in November 2021, at two stores in Eureka, California. (Compl., ¶ 15(e)). The Complaint contains claims for: (1) violation of California's Unfair Competition Law (Cal. Business & Professionals Code, §§ 17200, *et seq.*) ("UCL"); (2) violation of California's False Advertising Law (Cal. Business & Professions Code, §§ 17500, *et seq.*) ("FAL"); (3) violation of the California Consumer Legal Remedies Act (Cal. Business & Professions Code § 1750, *et seq.* ("CLRA"); (4) breach of express warranty; (5) breach of implied warranty of merchantability; and (6) unjust enrichment. (*Id.* ¶¶ 100 – 193). Plaintiff seeks monetary dames and equitable relief for alleged economic harm. No claim of personal injury is alleged.

### III. ARGUMENT AND AUTHORITIES

**A.**   **Plaintiff's Complaint Fails to State a Claim**

    **1.**   **Applicable Standard**

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate where a plaintiff's complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See, e.g., City of Arcadia v. U.S. Env't. Prot. Agency,* 411 F.3d 1103, 1106 n.3 (9th Cir. 2005). Although factual allegations are accepted as true, courts "do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn,* 649 F.3d 1061, 1064 (9th Cir. 2011) (citation omitted). Under the Supreme Court's heightened plausibility standard for pleading, a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to survive dismissal. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). The complaint must allege sufficient facts to "state a claim to relief that is plausible on its face." *Id.* "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted).

The Complaint includes pictures of the labels of the Fruit Snacks, portions of which do not appear easily discernable. (Compl. ¶ 4). Several publications are also referenced in the Complaint, copies of which are not attached. (Compl., ¶¶ 19-21, 54, 58, and 65-68; fns. 4-14). A court may consider the entire label when deciding the motion to dismiss. *See Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 642 (N.D. Cal. 2021) (taking judicial notice of product labels that plaintiff alleged were false or misleading). On a motion to dismiss, a court may "consider materials incorporated into the complaint" when "the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance."

*Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

Accompanying this motion is the declaration of Don Vultaggio, Defendants' Chairman ("Vultaggio Dec."), attaching labels of the Fruit Snacks.  Also submitted with this motion is a declaration of Defendants' counsel, Robert P. Donovan ("Donovan Dec."), attaching publicly accessible documents referenced in the Complaint.

**B.**     **Federal Law Expressly Preempts Plaintiff's Claims that the Use of Fruit Depictions and Images on the Labels are Actionable**

In 1990, Congress amended the FDCA by enacting the National Labeling and Education Act ("NLEA"), specifically to "'clarify and to strengthen [the FDA's] authority to require nutrition labeling on foods . . . .'"  *Nat'l Council for Improved Health v. Shalala*, 122 F.3d 878, 880 (10th Cir. 1997) (quoting H.R. Rep. No. 101-538, at 7 (1990), reprinted in 1990 U.S.C.C.A.N. 3336, 3337).  "The NLEA expressly preempts 'any requirement for the labeling of food of the type required by' various labeling provisions that is not identical to those requirements."  *Allen v. ConAgra Foods, Inc.*, No. 13-CV-01279-JST, 2013 WL 4737421, at *3 (N.D. Cal. Sept. 3, 2013) (citing 21 U.S.C. § 343-1(a)(2)-(5)).  As a result, "[c]onsumer protection laws (such as the UCL) are preempted if they seek to impose requirements "that vary from those mandated by federal law, or if that would be the practical effect of their enforcement."  *Astiana v. Ben & Jerry's Homemade, Inc.*, No. 10-4387, 2011 WL 2111796, at *6 (N.D. Cal. May 26, 2011) (*citing Wyeth v. Levine*, 555 U.S. 555, 575 (2009)); *see also Puri v. Costco Wholesale Corp.*, No. 5:21-CV-01202-EJD, 2021 WL 6000078, at *5 (N.D. Cal. Dec. 20, 2021) (finding plaintiff's UCL, FAL, and CLRA claims preempted because "they seek to impose requirements different from or in addition to the FDCA's requirements").

**1.**     **The Labels Comply With 21 C.F.R. § 101.22(i)**

Plaintiff claims that Defendants' use of images that "depict certain fruits" is actionable

because they deceptively make representations about "fruit content" of the Fruit Snacks. (Compl. ¶ 69). Plaintiff further alleges that "the imagery and references to certain fruits-creates the erroneous presumption that the fruit depicted in the Products' marketing and labeling is present in an amount greater than is actually the case." (*Id.* ¶ 72).

To the extent that Plaintiff claims that the labels are misleading because, by containing pictures of fruit and the statement "made with real fruit," Defendants are required to have those depicted fruits in the Fruit Snacks, such claims are expressly preempted by the FDCA. *See* 21 U.S.C. § 343-1(a)(2) (preempting "any requirement for the labeling of food of the type required by section . . . 343(i)(2) . . . of this title that is not identical to the requirement of such section"); 21 U.S.C. § 343-1(a)(3) (preempting "any requirement for the labeling of food of the type required by section . . . 343(i)(1), or 343(k) of this title that is not identical to the requirement of such section."). Sub-sections 343(i) and (k) set forth requirements for the labeling of flavoring. 21 U.S.C. § 343(i), (k).

Regulation 101.22(i) permits a label to contain pictures of fruit that describe the product's "characterizing flavor." 21 C.F.R. § 101.22(i). 21 C.F.R. § 101.22(i)(1) states, in pertinent part, as follows:

> (i) If the label, labeling, or advertising of a food makes any direct or indirect representations with respect to the primary recognizable flavor(s), by word, vignette, e.g., depiction of a fruit, or other means or if for any other reason the manufacturer or distributor of a food wishes to designate the type of flavor in the food other than through the statement of ingredients, such flavor shall be considered the characterizing flavor and shall be declared in the following way:
>
> > (1) If the food contains no artificial flavor which simulates, resembles or reinforces the characterizing flavor, the name of the food on the principal display panel or panels of the label shall be accompanied by the common or usual name of the characterizing flavor, e.g. "Vanilla", in letters not less than one

1

2

> half the height of the letters used in the name of the
> food, expect that [inapplicable exceptions at (i)-(ii)
> omitted]

3

4

   Defendants' Fruit Snacks labels state "no artificial flavor." (Vultaggio Dec., Exs. A and

B).  Plaintiff does not allege that the Fruit Snacks contain artificial flavors.  In compliance with

5

6

21 C.F.R. § 101.22(i)(1), the labels refer to the characterizing flavors of the Arnold Palmer Fruit

7

Snacks as "original, strawberry, mango and peach" and, for the Green Tea Fruit Snack, the

8

characterizing flavors are identified as "original, apple, mandarin and plum blueberry."

9

(Vultaggio Dec., Exs. A and B).  Plaintiff does not claim any federal regulation was violated or

10

that the Fruit Snacks do not contain the characterizing flavors depicted on the labels.

11

   FDA regulations explicitly permit manufacturers "to use the name and image of a fruit on

12

13

a product's packaging to describe the characterizing flavor of the product even where the product

14

does not contain any of that fruit, *or contains no fruit at all*." *Dvora v. Gen. Mills*, No. 11-1074,

15

2011 WL 1897349, at *4 (C.D. Cal. May 16, 2011) (emphasis added) (discussing 21 C.F.R. §

16

101.22(i)); *see also Chuang v. Dr. Pepper Snapple Grp., Inc.*, No. 17-01875, 2017 WL 4286577,

17

at *5 (C.D. Cal. Sept. 20, 2017) ("The United States Food & Drug Administration's flavoring

18

19

regulations, 21 C.F.R. § 101.22(i), expressly permit a product to identify its 'characterizing

20

flavor,' even if that flavor does not necessarily correspond to the product's ingredients").  Any

21

contrary rule would prohibit food and beverage manufacturers from explaining to consumers

22

what their fruit-flavored products tasted like.

23

   Courts routinely reject similar attempts to base claims on the use of fruit terms or images

24

to describe the product's characterizing flavor.  *See, e.g., Samet v. Procter & Gamble Co.*, No.

25

5:12-CV-01891 PSG, 2013 WL 3124647, at *6 (N.D. Cal. June 18, 2013) (dismissing on

26

27

preemption grounds plaintiff's claim that defendant's fruit snack product was misleading because

28

it displayed pictures of fruit not included as ingredients); *Chuang*, 2017 WL 4286577, at *5

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

- 6 -

(finding plaintiff's claim that defendant's flavor designation of a fruit snack product was misleading to be preempted); *McKinniss v. Gen. Mills, Inc.*, No. 07-2521, 2007 WL 4762172, at *3 (C.D. Cal. Sept. 18, 2007) (use of "Strawberry Kiwi" to designate flavor of yogurt containing no fruit ingredients was "permissible to demonstrate the 'characterizing flavor' of the product"); *McKinniss v. Sunny Delight Beverages Co.*, No. 07-2034, 2007 WL 4766525, at *3 (C.D. Cal. Sept. 4, 2007) ("FDA regulations permit illustrations of fruit on product labels to indicate the product's 'characterizing flavor,' even where the product contains no ingredients derived from the depicted fruit.").

Because the FDCA's "comprehensive scheme governing the labeling of flavors and flavorings in food products" expressly allows Defendants to use fruit terms and images to describe the Fruit Snacks' flavor profiles regardless of actual fruit content, and as Plaintiff's claims seek to impose labeling requirements different than federal law, claims that the use of fruit terms and images on the Fruit Snacks' labels require a certain fruit content are expressly preempted. *See, e.g., Dvora*, 2011 WL 1897349, *5 (finding preemption where CLRA and UCL claims challenged use of the words "Blueberry Pomegranate" in labeling a cereal not containing any blueberries or pomegranates); 21 U.S.C. § 343-1(a)(2), (3) (Regulatory Appendix, Tab 1) (expressly preempting any state law claims that are not identical to the requirements set forth under 21 U.S.C. § 343(i), (k), and accompanying regulations).

**C.  Plaintiff Fails to State Sufficient Facts Supporting Allegations that the Labels Likely Mislead the Reasonable Consumer**

Plaintiff's claims are subject to review under the "reasonable consumer" standard. *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016). To state a claim under the CLRA, FAL, and UCL, Plaintiff must allege a misrepresentation likely to deceive a reasonable consumer. *See In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009). It is not enough that a label "might conceivably be misunderstood by some few consumers viewing it in an

1   unreasonable manner." *Lavie v. Procter & Gamble Co.*, 129 Cal. Rptr. 2d 486, 495 (2003).

2   Rather, the standard requires a probability "that a significant portion of the general consuming

3   public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.*

4   Whether a representation is "likely to deceive" a reasonable consumer is based on the label as

5   a whole, not a "single out-of-context phrase." *Hairston v. S. Beach Beverage Co.*, 2012 WL

6   1893818, at *4 (C.D. Cal. May 18, 2012).

7        Defendants' statements "Made with Real Fruit" and "Fruit is our First Ingredient" are to

8   be read in the context of the entirety of the labels.  Those labels do not contain any reference to

9   the type or specific quantity of fruit or the non-presence of juice or sugar in the Fruit Snacks.

10  The back portion of that label states that the Fruit Snacks contain "pear juice from fruit juice

11  concentrate." (Vultaggio Dec., Exs. A and B).  Given the claims asserted and the label presented

12  in the Complaint, this motion presents a circumstance where the claim of deception can be

13  decided by way of a motion to dismiss.

14        Whether a complaint plausibly alleges facts sufficient to satisfy the "reasonable

15  consumer" standard is an issue that courts may, and often do, resolve under Rule 12 in food

16  labeling cases based on an independent review of the labels at issue. *See Sommer v. Snapple

17  Beverage Corp.*, No. 20-CV-04181-JST, 2021 WL 6754525, at *1 (N.D. Cal. Sept. 20, 2021)

18  (dismissing claims that the product was misleadingly labeled "Sorta Sweet" because "Sorta

19  Sweet" "cannot reasonably be interpreted as representing anything about the product's sugar

20  level"); *see also Fahey v. Whole Foods Mkt., Inc.*, No. 20-CV-06737-JST, 2021 WL 2816919, at

21  *4 (N.D. Cal. June 30, 2021) (finding plaintiff failed to plausibly allege that a reasonable

22  consumer would expect that almond milk labelled as "vanilla" derives its vanilla flavor

23  exclusively or predominantly from vanilla bean); *Brod v. Sioux Honey Ass'n. Coop.*, 927 F.

24  Supp. 2d 811, 828-29 (N.D. Cal. 2013) (dismissal where complaint did not support "plausible

25  claim about the expectation of a reasonable consumer"); *Rooney v. Cumberland Packing

26  Corp.*, No. 12-0033, 2012 WL 1512106, at *4-5 (S.D. Cal. Apr. 16, 2012) (dismissing without

27  leave to amend complaint alleging that statement "Sugar in the Raw" was misleading given

28  processing of the product); *see also Ebner*, 838 F.3d at 965 (affirming "reasonable consumer"

---

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

- 8 -

07/22/2022 SLI 1796240v1 115260.00011

dismissal); *Cruz v. Anheuser-Busch*, 682 Fed. App'x. 583, 583 (9th Cir. Mar. 16, 2017) (same); *Carrea v. Dreyer's Grand Ice Cream, Inc.*, 475 Fed. App'x 113, 113 (9th Cir. Apr. 5, 2012) (same).

Courts have dismissed complaints with the same basic contention Plaintiff makes—that a "made with" claim or an image of an ingredient communicates to consumers that the product contains "significant amounts" of that ingredient. Compare Compl. ¶¶ 26 - 29 ("Made with Real Fruit" claim communicates presence of "significant amounts" of real fruits), *with Romero v. Flowers Bakeries, LLC*, No. 14-05189, 2016 WL 469370, at *6-7 (N.D. Cal. Feb. 8, 2016) ("the Court cannot agree with Plaintiff that the word 'wheat' combined with 'wholesome wheat' and 'healthy grains' or 'Healthy White' alongside images of wheat stalks and honey pots could lead a reasonable consumer to conclude the breads 'contain a *significant amount* of whole wheat' (emphasis in original)), *Workman v. Plum Inc.*, 141 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) (reasonable consumer would not conclude that size of images of fruits and vegetables on front panel correspond with the predominance of those ingredients), *Red v. Kraft*, No. 10-1028, 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012) ("Plaintiffs' theory of the case is that the packaging suggests the product is *healthy* and contains a *significant* amount of vegetables' because the packaging boasts that the crackers are made with real vegetables and depicts vegetables. The fact remains that the product is a box of crackers, and a reasonable consumer will be familiar with the fact of life that a cracker is not composed of primarily fresh vegetables." (emphasis in original)), *Henderson v. Gruma Corp.*, No. 10-04173, 2011 WL 1362188, at *12 (C.D. Cal. Apr. 11, 2011) (no "reasonable consumer" misled that the statement "Made With Garden Vegetables" communicates that the product contains a "specific *amount* of vegetables in the product . . . [it] rather speaks to their presence in the product, which is not misleading" (emphasis in original)), *McKinniss v. General Mills, Inc.*,

No. 07-2521, 2007 WL 4762172, at *4 (C.D. Cal. Sept. 18, 2007) (holding that the phrase flavored with real fruit juice was a truthful statement where the product did in fact contain "orange juice concentrate, the product's sixth listed ingredient").

This authority refutes Plaintiff's allegation that the "Made With Real Fruit" or "Fruit is Our First Ingredient" claims mislead a reasonable consumer. (Compl. ¶¶ 26 – 29). Here, the labels of the Fruit Snacks state that the first ingredient is pear juice from fruit juice concentrate. (Vultaggio Dec., Exs. A and B). Plaintiff does not allege that the statement of ingredients is false.

As Judge Alsup cogently explained in *Workman*, an indication on the label that the product contains a particular ingredient does not lead a reasonable consumer to believe the product contains a "significant" amount of that ingredient:

> In contrast to Plaintiff's assertions, a reasonable consumer would simply not view pictures on the packaging of a fruit snacks and assume that the size of the items pictured directly correlated with their predominance in the snack. One can hardly walk down the aisles of a supermarket without viewing large pictures depicting vegetable or fruit flavors, when the products themselves are largely made up of a different base ingredient. Every reasonable shopper knows that the devil is in the details. Moreover, any potential ambiguity could be resolved by the back panel of the products, which listed all ingredients in order of predominance, as required by the FDA.

141 F. Supp. 3d at 1035. The analysis in *Workman* is on point: the Fruit Snacks' labels do not contain statements about a significant amount of fruit and no reasonable consumer would interpret the labels in the unreasonable manner Plaintiff posits.

As the Ninth Circuit observed in *Ebner v. Fresh*, a Rule 12 "reasonable consumer" dismissal is proper where the labeling at issue does not contain any misrepresentation about the products' contents so as to dispel the existence of any deceptive act. 838 F.3d at 966. This binding clarification of "reasonable consumer" law in *Ebner* is consistent with other courts'

reading of *Williams's* limits in food labeling cases. *See Manchouck v. Mondelez Int'l Inc.*, No. 13-02148, 2013 WL 5400285, at *3 (N.D. Cal. Sept. 26, 2013) ("Plaintiff's reliance on *Williams v. Gerber* is inapposite because that action involved an affirmative misrepresentation."); *Red*, 2012 WL 5504011, at *3 (explaining that *Williams* applies to cases involving an "affirmative misrepresentation"); *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1129 (C.D. Cal. 2010) ("Williams stands for the proposition that where product packaging contains an affirmative misrepresentation, the manufacturer cannot rely on the small-print nutritional label to contradict and cure that misrepresentation."); *see also Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 892 n.38 (C.D. Cal. 2013) ("[W]here a product's front label is accurate and consistent with the statement of ingredients, courts routinely hold that no reasonable consumer could be misled by the label, because a review of the statement of ingredients makes the composition of the [product] clear.").

1. **The Publications Cited in the Complaint Contain No Facts Supporting Allegations That Members of the Public are Likely to be Deceived**

Plaintiff cites to numerous publications in the Complaint. (Compl., ¶¶ 19-21, 54, 58, and 65-68; fns. 4-14).  However, Plaintiff fails to allege any facts from these publications to support the conclusory allegation that a reasonable consumer would consider a product containing pear juice from fruit juice concentrate not made with real fruit.

The contents of the publicly accessible publications cited in the Complaint are summarized as follows:

Footnote 4 - This 2020 article discusses the rise in sales of fruit snacks during the Covid 19 pandemic. (Donovan Dec., Ex. A);

Footnote 5 - This 2011 publication from the American Heart Association analyzes the reasons for childhood obesity and discusses potential solutions. (*Id.*, Ex. B);

Footnote 6 - This article addresses the popularity of fruit and vegetable based snacks. (*Id.*, Ex. C);

Footnote 7 - This 2021 publication from the American heart Association addresses foods that have added sugars and what the association recommends regarding the amount of added sugars in a daily diet.  (*Id.*, Ex. D);

Footnotes 8 and 9 - This publication, from Center For Science in the Public Interest ("CSPI"),  addresses Fruit Snacks and notes, *inter alia*, that most are made of mostly sugars including concentrated fruit juice. (*Id.*, Ex. E, p. 1).  When referencing a Kellogg fruit snack, having "real fruit" on the label, the article states that **"[w]hile these claims may be true,** they distract from the more important point that these snacks are mostly sugar, low in nutrients, and are no substitute for real fruit."  (*Id.* at p. 4, emphasis added);

Footnote 10 (first referenced article from S. Bowman) - This 1999 study "examines the intakes of food groups and nutrients by individuals grouped by the caloric contribution of added sugars to their diet."  (*Id.*, Ex. F);

Footnote 11 (second document referenced from Catherine Berkey) - This 2012 summary discusses consumption of sugar added beverages and weight gain among adolescents. (*Id.*, Ex. G); and

Footnote 12 - This 2001 U.S. Department Of Health and Human Services "Call to Action" analyzes the obesity problem plaguing many citizens in the United States.  (*Id.*, Ex. H).

Documents referenced in the following footnotes in the Complaint were not publicly accessible:  Footnotes 10 (the second document referenced from G. Mrdjenovi); 11 (the first document referenced from D.S. Ludwig); 11 (the third document referenced from C. Apovian); 13; and 14.

Plaintiff is required to allege facts to support conclusory assertions about how use of the fruit depictions, the "Made with Real Fruit" label and/or "Fruit is our First Ingredient" statement are deceptive to the reasonable consumer. *See Mazella v. Coca-Cola Company*, 7-20-cv-05235, 2021 WL 2940926, at *4 (S.D.N.Y. July 12, 2021) (noting that plaintiff failed to allege any facts from survey data cited in complaint to support conclusory statement that labels lead reasonable consumers to assume the product is low in sugar or calories). However, Plaintiff does not cogently assert what statements in these documents support the claim that Defendants labels are actionable based upon the reasonable consumer standard.

### 2.   Some of the Documents Contravene the Claims Made in the Complaint

A court does not need to accept as true statements in documents that contravene the claim asserted. *See Alamilla v. Hain Celestial Grp., Inc.*, 30 F. Supp. 3d 943, 944 (N.D. Cal. 2014) ("Court 'need not accept as true allegations contradicting documents that are referenced in the complaint.'") (quoting *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008)). As observed in *Alamilla*, "[a] plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts." *Alamilla v. Hain Celestial Grp., Inc.*, 30 F. Supp. 3d 943, 944 (N.D. Cal. 2014) (quoting *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988–989 (9th Cir.2001)).

Here, the publication from CSPI refers to a "real fruit" label on a Kellogg's "Spiderman" fruit snack containing apple puree concentrate. (Donovan Dec. Ex. E, p. 3 and 4). The article states that the real fruit label "may be true" but it distracts from other contents. (*Id.*) That statement conflicts with allegations in the Complaint that the Fruit Snacks have no real fruit. (Compl., ¶¶ 33, 46 and 56). Also, the article about fruit snack sales states that "[f]ruit snacks have seen greater demand during the Covid-19 outbreak because they are a healthier alternative to other snacks marketed to children, they contain vitamins and minerals and they are often packaged in child-friendly portions." (Donovan Dec., Ex. A). That statement contradicts the sundry allegations that the Fruit Snacks are not healthy. (*Id.*, ¶¶ 6, 37, 47-49, 56, 63).

Dismissal is warranted because Plaintiff fails to plead enough facts to state a claim that a significant portion of the general consuming public, acting reasonably in the circumstances, could be misled by Defendants' labeling of Fruit Snacks.

**D.   No Claim For Express Warranty Exists Because Defendants Do Not Represent That a Significant Amount of Fruit is Contained in the Fruit Snacks**

To state a claim for breach of express warranty claim, the alleged representation must form the basis of the bargain. *See Tabak v. Apple, Inc.*, No. 19-CV-02455-JST, 2020 WL 9066153, at *9 (N.D. Cal. Jan. 30, 2020) ("To state a claim for breach of express warranty, a plaintiff must allege that (1) 'the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached'") (quoting *Weinstat v. Dentsply Int'l, Inc.*, 180 Cal. App. 4th 1213, 1227 (2010)).  If the alleged statement is not made, then no claim exists. *Werbel ex rel. v. Pepsico, Inc.*, No. C 09-04456 SBA, 2010 WL 2673860, at *5 (N.D. Cal. July 2, 2010) (dismissing plaintiff's breach of express and implied warranty claims that the product at issue "was a substantially fruit-based product" because "[n]o such claim was made expressly or impliedly on the [label packaging]"); *see also Chuang v. Dr. Pepper Snapple Grp., Inc.*, No. 1701875, 2017 WL 4286577, at *7 (C.D. Cal. Sept. 20, 2017) ("Because Plaintiff fails to point to the terms of the warranty, he fails to state a claim for breach of express warranty").

Plaintiff sues for breach of express warranty claiming that the labels represented "that the Products contain significant amounts of real fruit." (Compl. ¶¶ 166-67).  However, the labels make no statement about a significant amount of fruit (Vultaggio Dec, Exs. A and B) nor do the advertising and marketing items alleged to form the basis of the claim of deception. (Compl. ¶¶ 44 and 45).

The pleadings show that there is no legal basis to assert that Defendant expressly warranted that the Fruit Snacks contained significant amounts of fruit.  Accordingly, the claim for breach of express warranty fails.

**E.   No Claim For Implied Warranty is Pled Because There is No Allegation of Privity and for the Same Reason That the Express Warranty Claim Fails**

In order to assert a breach of implied warranty, the plaintiff must stand in vertical

1  contractual privity with the defendant.  *See Clemens v. DaimlerChrysler Corp.*, 534 F3d 1017,

2  1023 (9th Cir. 2008); *see also Hrapoff v. Hisamitsu America, Inc.,* 21-cv-01943-JST, 2022 WL

3  2168076, at *5 (N.D. Cal. June 16, 2022).  Here, Plaintiff makes no allegations of contractual

4  privity.  Plaintiff claims purchasing the Fruit Snacks from Eureka Natural Foods and Winco.

5  (Compl., ¶ 15e).  The count about breach of implied warranty contain no assertions of privity.

6  (Id., ¶¶ 172-186).  Because privity is not alleged to exist, the implied warranty claim fails as a

7  matter of law.

8        In addition, Plaintiff alleges that Defendants impliedly warranted that the Fruit Snacks

9  "contained significant amounts of real fruit".  (Compl, ¶ 177).  As noted above, no such

10  statement is on the packaging, the advertising, or the marketing cited in the Complaint.  For the

11  same reasons that the express warranty claim fails, there is no plausible legal basis for the

12  implied warranty cause of action to stand.  *See Werbel ex rel.,* 2010 WL 2673860, at *5

13  (dismissing plaintiff's breach of express and implied warranty claims that the product at issue

14  "was a substantially fruit-based product" because "[n]o such claim was made expressly or

15  impliedly on the [label packaging]").

16  **F.    Plaintiff Has not Alleged an Inadequate Remedy at Law and Cannot Seek Equitable
        Relief in the Form of Restitution and/or Make Claims For Unjust Enrichment**

17

18        In *Sonner*, the Ninth Circuit held that "a federal court must apply traditional equitable

19  principles before awarding restitution under the UCL and CLRA."  973 F.3d at 841.  In doing so,

20  the court affirmed the dismissal of a complaint by the trial court's that a plaintiff "must establish

21  that she lacks an adequate remedy at law before securing equitable restitution for past harm under

22  the UCL and CLRA."  *Id.*, at 843. Courts have ruled that a failure to allege such facts warrants

23  dismissal of the claims for equitable relief.  *See Hrapoff v. Hisamitsu Am., Inc.*, No. 21-CV-

24  01943-JST, 2022 WL 2168076, at *6 (N.D. Cal. June 16, 2022) (dismissing equitable claims

25  because plaintiffs failed to allege they did not have an adequate remedy at law).

26        Plaintiff sues for monetary damages, injunctive relief, disgorgement and restitution.

27  (Compl. ¶¶ 10, 150 and 194(b)-(e)).  In the unjust enrichment count, Plaintiff asserts that

28  "Defendants should be compelled to return in a common fund for the benefit of Plaintiff and

1    members of the Class all wrongful or inequitable proceeds received by Defendants." (*Id.*, ¶ 193).

2          Plaintiff does not plead any facts about the lack of an adequate remedy at law.  Consistent

3    with *Sonner*, Plaintiff cannot seek equitable relief for restitution and/or claim unjust enrichment

4    when an adequate remedy at law exists and Plaintiff makes no allegations about an inadequate

5    remedy at law.

6    **G.    The Fraud Claims About Advertising and Marketing Fail to Include the Required
7           Particularity Under Fed. R. Civ. P. 9(b)**

8          To satisfy Rule 9(b), "[a]verments of fraud must be accompanied by the[sic] 'the who,

9    what, when, where, and how' of the misconduct charged."  *Kearns v. Ford Motor Co.*, 567 F.3d

10   1120, 1124 (9th Cir. 2009) (internal citations omitted).  The complaint must be specific enough

11   to give defendants notice of the particular misconduct.  *Bly-Magee v. California*, 236 F.3d 1014,

12   1019 (9th Cir. 2001).

13         Plaintiff alleges that Defendants perpetuate the deception "in their advertising and

14   marketing" and reference the website and marketing statements. (Complaint, Section B, ¶¶ 43-

15   45).  Plaintiff claims that this advertising is false, fraudulent and misleading.  (*Id.*, ¶¶ 105, 106,

16   122 and 123).  However, there is no allegation about whether and when Plaintiff saw these

17   advertising statements or if and when that they were relied upon in any way.  In order to state an

18   actionable claim for fraud based upon the advertising and marketing statements alleged in the

19   complaint, Rule 9(b) requires more particularity about the where and when so as to fairly apprise

20   Defendants of the nature of the claim.

21                                        **CONCLUSION**

22         For the foregoing reasons, Defendants respectfully request that this Court grant their

23   motion to dismiss the Complaint.

24   Dated:  July 22, 2022                    */s/ Robert P. Donovan*
                                              ROBERT P. DONOVAN
25                                            STEVENS & LEE
                                              669 River Drive, Suite 201
26                                            Elmwood Park, New Jersey 07407
                                              Telephone: (201) 857-6778
27                                            Facsimile: (201) 857-6761
                                              *Robert.donovan@stevenslee.com*
28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

- 16 -

1

2

3

*Attorneys for Defendants,*
*Arizona Beverages USA LLC and*
*Hornell Brewing Co., Inc.*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28