Robert P. Donovan (*pro hac vice*)
robert.donovan@stevenslee.com
STEVENS & LEE
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Telephone: (201) 857-6778
Facsimile: (610) 371-7938

Jason H. Wilson (Bar No. 140269)
jwilson@willenken.com
Kirby Hsu (Bar No. 312535)
khsu@willenken.com
WILLENKEN LLP
707 Wilshire Boulevard, Suite 3850
Los Angeles, California 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250

Attorneys for Defendants,
ARIZONA BEVERAGES USA LLC AND HORNELL
BREWING CO., INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIA CAMPBELL, individually, and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARIZONA BEVERAGES USA LLC and HORNELL BREWING CO., INC.,<br><br>Defendants. | CASE NO. 4:22-cv-02752-JST<br><br>DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 12 (b)(1) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT |

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 7, 2023, at 2:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Jon. S. Tigar, United States District Judge, at the United States Courthouse, 1301 Clay Street, Oakland, California, Courtroom 6, 2nd Floor, defendants, Arizona Beverages USA LLC and Hornell Brewing Co., Inc. ("Defendants"), will

and hereby do move to dismiss Plaintiff's first amended complaint ("FAC") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the following grounds:

1. The fraud claims, based upon Defendants' website and social media posts, lack particularity under Fed. R. Civ. P. 9(b).

2. Plaintiff has no standing or otherwise fails to state a claim with regard to unidentified products that Plaintiff does not claim to have purchased.

3. Plaintiff lacks standing under Article III to seek injunctive relief.

4. No legal basis exists to sue for punitive damages.

This motion is based upon this motion, the accompanying memorandum of points and authorities, the record in this action, and all matters in which the Court may take notice and any arguments presented at the time of hearing.

Dated: June 5, 2023            By:   /s/ Robert P. Donovan
                                     ROBERT P. DONOVAN

                                     STEVENS & LEE
                                     669 River Drive, Suite 201
                                     Elmwood Park, New Jersey 07407
                                     Telephone: (201) 857-6778
                                     Facsimile: (201) 857-6761
                                     Robert.donovan@stevenslee.com

                                     *Attorneys for Defendants,*
                                     *Arizona Beverages USA LLC and*
                                     *Hornell Brewing Co., Inc.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................. i

I. SUMMARY OF ARGUMENT/STATEMENT OF ISSUES PRESENTED ...........................................................................................................1

II. PROCEDURAL HISTORY..................................................................................................1

III. ARGUMENT AND AUTHORITIES ...................................................................................2

    A. Plaintiff's FAC Fails to State a Claim .....................................................................2

        1. Applicable Standard......................................................................................2

    B. The Fraud Claims About Website Statements and Social Media Posts Fail to Include the Required Particularity Under Fed. R. Civ. P. 9(b) ...............................................................................................3

    C. Plaintiff Lacks Standing and/or Otherwise Fails to State a Claim About Unidentified Products Not Alleged to Have Been Purchased .................................................................................................4

    D. By Not Plausibly Alleging Actual and Imminent Future Injury, Plaintiff Lacks Article III Standing to Seek Injunctive Relief ...............................7

    E. Plaintiff Cannot Recover Punitive Damages Based Upon the Claims Pled ..............................................................................................................9

CONCLUSION.................................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Adam Elgindy v. AGA Service Company*,
  2021 WL 1176535 (N.D. Cal. March 31, 2022)......................................................................9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).................................................................................................................3

*Astiana v. Hain Celestial Grp., Inc.*,
  783 F.3d 753 (9th Cir. 2015)..................................................................................................11

*Axelrod v. Lenovo*,
  2022 WL 976971 (N.D. Cal. March 31, 2022......................................................................10

*Bly-Magee v. California*,
  236 F.3d 1014 (9th Cir. 2001).................................................................................................3

*Bohac v. General Mills, Inc.*,
  2014 WL 1266848 (N. D. Cal. Mar. 26, 2014)........................................................................5

*Brown v. Food for Life Baking Co.*,
  2023 WL 2637407 (N.D. Cal. Feb. 28, 2023) ......................................................................10

*Bruton v. Gerber Prod. Co.*,
  2014 WL 172111 (N.D. Cal. Jan. 15, 2014)............................................................................5

*Chapman v. Pier 1 Imps. (U.S.), Inc.*,
  631 F.3d 939 (9th Cir. 2011)...................................................................................................7

*Cimoli v. Alacer Corp.*,
  546 F. Supp. 3d 897 (N.D. Cal. 2023)..................................................................................8,9

*City of Arcadia v. U.S. Env't. Prot. Agency*,
  411 F.3d 1103 (9th Cir. 2005) ................................................................................................2

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983)...................................................................................................................7

*Clapper v. Amnesty Int'l USA*,
  568 U.S. 398 (2013).................................................................................................................7

*In Re Bang Energy Drink Marketing Litig.*,
  2020 WL 4458916 (N.D. Cal., Feb. 6, 2020) .........................................................................9

*In Re Coca Cola Products Marketing and Sales Practices Litigation*,
  2021 WL 387654 (9th Cir. 2021) ...........................................................................................8

*Davidson v. Kimberly-Clark Corporation,*
　889 F. 3d 956 (9th Cir 2018) ..................................................................................7,8,9

*Fayer v. Vaughn,*
　649 F.3d 1061 (9th Cir. 2011) ..........................................................................................2

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,*
　528 U.S. 167 (2000)...........................................................................................................4

*Groupion, LLC v. Groupon, Inc.,*
　859 F. Supp. 2d 1067 (N.D. Cal. 2012) .......................................................................10

*Kearns v. Ford Motor Co.,*
　567 F.3d 1120 (9th Cir. 2009) ..........................................................................................3

*Krommenhock v. Post Foods, LLC,*
　255 F. Supp. 3d 938 ..........................................................................................................6

*Lam v. General Mills Inc.,*
　859 F. Supp.2d 1097 .........................................................................................................6

*Leonhart v. Nature's Path Foods, Inc.,*
　2014 WL 1338161 (N.D. Cal. Mar. 31, 2014) ................................................................5

*Maldonado v. Apple Inc.,*
　2021 WL 1947512 (N.D. Cal. May 4, 2021) ................................................................10

*In Re Njoy, Inc. Consumer Class Action Litigation,*
　2014 WL 12586074 (C.D. Cal. Oct. 20, 2014) ...............................................................4

*Rahman v. Mott's LLP,*
　2018 WL 4585024 (N.D. Cal. Sept. 25, 2018) ...........................................................8,9

*Scilex Pharmaceuticals Inc. v. Sanofi-Aventis U.S. LLC,*
　552 F. Supp. 3d 901 (N.D. Cal. 2021) ............................................................................4

*Tabler v. Panera LLC,*
　2019 WL 5579529 (N.D. Cal. Oct. 29, 2019) .................................................................5

*Victor v. R.C. Bigelow, Inc.,*
　2014 WL 1028881 (N.D. Cal. Mar. 14, 2014) ................................................................5

*Wilson v. Frito–Lay North America, Inc.,*
　961 F. Supp.2d 1134 (N.D. Cal. 2013) .........................................................................5,6

**State Cases**

*Bower v. AT&T Mobility, LLC,*
　196 Cal. App. 4th 1545 (Cal. App. 2011) .......................................................................4

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
iii
06/05/2023 SL1 1846193v1 115260.00011

*Kwikset Corp. v. Superior Ct.*,
 246 P.3d 877 (Cal. 2011) ...........................................................................................................4

*Scheenstra v. California Dairies, Inc.*,
 213 Cal. App. 4th 370 (2013) ...................................................................................................10

**State Statutes**

Cal. Civ. Code § 3358 ..................................................................................................................10

Cal. Com. Code § 2714(2) ............................................................................................................10

Cal. Com. Code § 2714(3) ............................................................................................................10

Cal. Com. Code § 2715 .................................................................................................................10

**Rules**

Fed. R. Civ. P. 8 .............................................................................................................................6

Fed. R. Civ. P. 9(b) .....................................................................................................................1,3

Fed. R. Civ. P. 12(b)(6) ...........................................................................................................1,2,11

Fed. R. Civ. P. 12(b)(1) ..............................................................................................................1,4

## I. SUMMARY OF ARGUMENT/STATEMENT OF ISSUES PRESENTED

Defendants, Arizona Beverages USA LLC and Hornell Brewing Co., Inc. ("Defendants"), submit the within memorandum of law in support of their motion to dismiss the first amended complaint ("FAC") filed by plaintiff, Marcia Campbell ("Plaintiff"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). As is set forth more fully below, just grounds exist to grant the motion because:

- The claims for fraud, based upon Defendants' website and social media posts, fail to include sufficient particularity as required under Fed. R. Civ. P. 9(b).

- Plaintiff claims purchasing two types of fruit snacks but sues about other unnamed products, not alleged to have been bought, and for which no information is furnished about their particular labels or ingredients. Plaintiff lacks standing and/or otherwise fails to state a claim regarding unidentified products, not claimed to have been purchased, and not alleged to be substantially similar to the two products bought.

- Plaintiff has no standing to seek injunctive relief under Article III of the Unites States Constitution due to the failure to assert plausible allegations of the threat of actual and imminent future injury.

- No legal basis exists to sue for punitive damages under the claims pled.

## II. PROCEDURAL HISTORY

This matter arises out of a complaint filed on May 9, 2022. (ECF No. 1). On March 31, 2023, this Court granted, in part, and denied, in part, Defendants' motion to dismiss the initial complaint. (ECF No. 41, at times referenced herein as "the March 31 Order"). In the March 31 Order, claims for breach of warranty, for equitable relief, and for alleged fraudulent representations based on Defendants' website or social media posts, were dismissed with leave to amend. (ECF No. 41, pages 13-15). The Court also noted that Plaintiff failed to establish

---
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

- 1 -

06/05/2023 SL1 1846193v1 115260.00011

standing to seek injunctive relief. (*Id.* at fn. 6). The March 31 Order granted Plaintiff leave to file an amended complaint "...to rectify the deficiencies identified" and stated further that "[f]ailure to file a timely amended complaint will result in dismissal of these claims with prejudice." (*Id.*, at p. 15).

Plaintiff timely filed the FAC on April 21, 2023. (ECF No. 49). The FAC concerns claims regarding Plaintiff's alleged purchase of "Arizona Green Tea Fruit Snacks" and "Arnold Palmer Half & Half Fruit Snacks" (at times referenced herein as the "Purchased Products"). (*Id.* ¶ 15f). The FAC contains claims for: (1) violation of California's Unfair Competition Law (Cal. Business & Professionals Code, §§ 17200, *et seq.*) ("UCL"); (2) violation of California's False Advertising Law (Cal. Business & Professions Code, §§ 17500, *et seq.*) ("FAL"); (3) violation of the California Consumer Legal Remedies Act (Cal. Business & Professions Code § 1750, *et seq.* ("CLRA"); (4) breach of express warranty; (5) breach of implied warranty of merchantability; and (6) unjust enrichment. (*Id.* ¶¶ 100–192).

### III. ARGUMENT AND AUTHORITIES

#### A. Plaintiff's FAC Fails to State a Claim

##### 1. Applicable Standard

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate where a plaintiff's complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See, e.g., City of Arcadia v. U.S. Env't. Prot. Agency*, 411 F.3d 1103, 1106 n.3 (9th Cir. 2005) (citing *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988)). Although factual allegations are accepted as true, courts "do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Under the Supreme Court's heightened plausibility standard for pleading, a

complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to survive dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must allege sufficient facts to "state a claim to relief that is plausible on its face." *Id.* "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted).

### B. The Fraud Claims About Website Statements and Social Media Posts Fail to Include the Required Particularity Under Fed. R. Civ. P. 9(b)

To satisfy Rule 9(b), "[a]verments of fraud must be accompanied by the[sic] 'the who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal citations omitted). The complaint must be "specific enough to give defendants notice of the particular misconduct." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

In the March 31 Order, this Court found that the fraud claim, as pertaining to Defendants' website and social media posts, was deficient under Rule 9(b). (ECF No, 41, p. 14 and 15). The Court noted that the complaint "must allege the *particular* circumstances surrounding such representations." (*Id.*, p. 15; citations and inner quotations omitted; emphasis in March 31 Order). In that regard, the Court stated that as to "when," the complaint failed to identify when Plaintiff was exposed to the website and social media pages. (*Id.*)

Plaintiff alleges that the claim for deception is "not limited to the packaging" and includes "targeted marketing and advertising." (FAC, Section B, ¶ 43). In that regard, Plaintiff refers to statements on Defendants' website and to two social media posts. (FAC, Section B, ¶¶ 44 and 45). However, as to these particular statements, Plaintiff does not allege whether and when Plaintiff saw them or if, and when, the statements caused any damage. In order to state an actionable claim for fraud based upon these marketing statements alleged in the FAC, Rule 9(b) requires more particularity about the where and when so as to apprise Defendants, fairly, of the nature of this claim. *See Kearns*, 567 F.3d at 1126 ("Kearns fails to allege in any of his

complaints the particular circumstances surrounding such representations…[n]or did Kearns specify when he was exposed to them or which ones he found material"); *see also In Re Njoy, Inc. Consumer Class Action Litigation,* 2014 WL 12586074, at *10 (C.D. Cal. Oct. 20, 2014) (noting that "pleading the 'when' of the fraud requires that plaintiffs allege when they saw or heard the misleading statements").

Because of Plaintiff's repeated failure to particularize the fraud claims, based upon the website and social media statements, Defendants respectfully requests dismissal of those claims with prejudice.

### C. Plaintiff Lacks Standing and/or Otherwise Fails to State a Claim About Unidentified Products Not Alleged to Have Been Purchased

To satisfy Article III standing, plaintiffs must allege: (1) a concrete, particularized, actual or imminent injury-in-fact; (2) that the injury is traceable to the defendant's action; and (3) that a favorable ruling could redress the injury. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180–81 (2000). "If a plaintiff lacks Article III standing to bring a suit, the federal court lacks subject matter jurisdiction and the suit must be dismissed under Rule 12(b)(1)." *Scilex Pharmaceuticals Inc. v. Sanofi-Aventis U.S. LLC,* 552 F. Supp. 3d 901 , 909 (N.D. Cal. 2021) (citations omitted).

To establish standing under the UCL and FAL, "a party must now (1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury,* and (2) show that that economic injury was the result of, i.e., *caused by,* the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Superior Ct.,* 246 P.3d 877, 884-855 (Cal. 2011) (emphasis in original). In other words, a private plaintiff filing suit "must establish that he or she has personally suffered such harm." *Id.* at 886. Similarly, a plaintiff bringing a CLRA claim "must not only be exposed to an unlawful practice but also have suffered some kind of damage." *Bower v. AT&T Mobility, LLC,* 196 Cal. App. 4th 1545, 1556 (Cal. App. 2011) (quotation omitted). To satisfy the injury-in-fact requirement for unfair competition claims, courts in California require that plaintiffs demonstrate the purchase of

products as a result of deceptive advertising. *Leonhart v. Nature's Path Foods, Inc.*, No. 5:13-CV-0492-EJD, 2014 WL 1338161, at *4 (N.D. Cal. Mar. 31, 2014) (quotation omitted).

In determining whether Plaintiff has standing to sue about other unpurchased products, courts look to "whether the challenged products are of the same kind, whether they are comprised of largely the same ingredients, and whether each of the challenged products bears the same alleged mislabeling." *Victor v. R.C. Bigelow, Inc.*, No. 13-CV-02976-WHO, 2014 WL 1028881, at *8 (N.D. Cal. Mar. 14, 2014) (quoting *Wilson v. Frito–Lay North America, Inc.*, 961 F. Supp.2d 1134, 1141 (N.D. Cal. 2013). "When a complaint fails to adequately allege how products a plaintiff purchased are in fact substantially similar to products that the plaintiff challenges, the Court must dismiss the complaint to the extent it seeks to bring claims on the basis of unpurchased products." *Tabler v. Panera LLC*, No. 19-CV-01646-LHK, 2019 WL 5579529, at *10 (N.D. Cal. Oct. 29, 2019); *see also Bruton v. Gerber Prod. Co.*, No. 12-CV-02412-LHK, 2014 WL 172111, at *8 (N.D. Cal. Jan. 15, 2014) (dismissing claims for unpurchased products where plaintiff failed to plausibly allege substantial similarity to the products plaintiff purchased).

A court has also noted that "where the actual composition or appearance of the product is legally significant to the claim at issue, the consumer may only be allowed to pursue claims for products with identical product composition and/or appearance." *Bohac v. General Mills, Inc.*, 2014 WL 1266848, at *12 (N. D. Cal. Mar. 26, 2014) (quoting *Ang. v. Bimbo Bakeries USA, Inc.*, No. 13-cv-1196-WHO, 2014 WL 1024182, at *8 (N.D. Cal. Mar. 13, 2014)).

The holding in *Wilson v. Frito–Lay North America* has particular application here. In that case, the plaintiffs simply provided a list of non-purchased products asserting that those labels were unlawful. *Id.*, 961 F. Supp.2d at 1142. The court agreed with Defendants that Plaintiffs failed to allege substantial similarity among the purchased products and the non-purchased

products to establish standing. *Id.* Of significance, the court also ruled that such non-purchased claims failed to meet the plausibility standard under Fed. R. Civ. P. 8 because "[t]o meet the plausibility standard under Rule 8, Plaintiffs have to say more, especially when they are asserting standing as to products they did not purchase-otherwise their pleadings amount to unacceptable bare legal conclusions." *Id.* Other courts have made similar rulings. *See Lam v. General Mills Inc.*, 859 F. Supp.2d 1097, 1101 (N.D. Cal. 2012 (dismissing, with leave to amend, plaintiff's claims about other "similar products" because it was "entirely unclear what these 'other similar products' are"); *see also Krommenhock v. Post Foods, LLC*, 255 F. Supp. 3d 938, 966 (N.D. Cal. 2017 (dismissing breach of warranty claims, with leave to amend, because of plaintiffs' "failure to identify which products contain what warranties...[making] it impossible to identify the products that are at issue under this cause of action" and ordering plaintiffs to identify what express warranties they are claiming as to each product).

In this action, Plaintiff defines the products that are the subject to the FAC as follows:

> "Arnold Palmer Half & Half Fruit Snacks and Green Tea Fruit Snacks. This definition is not exhaustive and shall include all of Defendants' products that are similarly deceptively marketed."
> [FAC, p. 1, fn 1].

However, Plaintiff only claims purchasing two of Defendants' products, the fruit snacks labeled "Green Tea" and "Arnold Palmer Half & Half" (i.e. the Purchased Products). (FAC, ¶ 15f).

Plaintiff does not allege that the unnamed products, not alleged to have been purchased, are substantially similar to the Purchased Products. Because Plaintiff's claims are premised upon product composition, in order to make a plausible allegation of substantial similarity, Plaintiff would have to identify the labels and ingredients of these other unpurchased products. Here, by way of example only, Defendants are left in the dark about whether "Products," as defined in the

FAC, include Arizona brand beverages and/or other unnamed and unpurchased fruit snacks. Due to the lack of facts pled regarding what constitutes other alleged "products similarly deceptively marketed," Plaintiff fails to state claims concerning products not alleged to have been purchased.

### D. By Not Plausibly Alleging Actual and Imminent Future Injury, Plaintiff Lacks Article III Standing to Seek Injunctive Relief

Under Article III's standing requirement for injunctive relief, a plaintiff must allege that a "real or immediate threat" exists that he or she will be wronged again. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983); *see also Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) ("[T]o establish standing to pursue injunctive relief... [plaintiff] must demonstrate a 'real and immediate threat of repeated injury' in the future."). The "threatened injury must be certainly impending to constitute injury in fact, and ... allegations of possible future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal citations omitted). The alleged threat cannot be "conjectural" or "hypothetical." 461 U.S. at 101-02. "[A] previously deceived consumer may have standing to seek an injunction against *false* advertising or labeling, even though the consumer now knows or suspects that the advertising was *false* at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." *Davidson v. Kimberly-Clark Corporation*, 889 F. 3d 956, 969 (9th Cir 2018) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (emphasis supplied in *Davidson*).

Here, in the portion of the May 31 Order stating that Plaintiff had not established standing to seek injunctive relief, the Court cites to the *Davidson* ruling that an amended complaint must include plausible allegations that Plaintiff "will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to or that she might purchase the product in the future, despite the fact that it was once marred by false advertising... as she may reasonably, but incorrectly, assume the product was improved." (ECF No, 41, p. 14, fn. 6).

Plaintiff does not allege an interest in purchasing the "Products" again in the future, as currently labeled, based upon incorrect but reasonable assumptions that the ingredients were

1  changed so that the fruits depicted on the labels are contained in such products. Instead, Plaintiff
2  alleges that she would purchase the "Products" again in the future if they contained "real fruit
3  from the depicted and referenced fruits" or were no longer deceptively labeled (FAC, ¶¶ 15d and
4  15g); that "Plaintiff continues to desire to purchase fruit snacks," and continues to "to see the
5  Products at stores when she shops," but that, absent an injunction, Plaintiff "may not be able to
6  reasonably determine whether the Products have been reformulated to conform to the misleading
7  claims" (*Id.*,¶ 15g); and that Plaintiff would purchase the Products again if "she could trust that
8  the fruit claims were true and not false or misleading, but absent an injunction, Plaintiff will be
9  unable to trust the representations on the Products". (*Id.*, ¶ 15h)

Plaintiff's allegations of future harm are distinct from the plausible assertion made in *Davidson* about a continued risk of an inability to rely on the labels. A distinctive feature in *Davidson* was that the plaintiff there plausibly pled an inability to rely on the product's label in the future because that plaintiff had no way of knowing the product was a flushable wipe until after purchase and use. *Id.* at 970—971.

Other courts have considered a plaintiff's ability or inability to know whether a representation is truthful when determining standing for injunctive relief under *Davidson*. *See Cimoli v. Alacer Corp.*, 546 F. Supp. 3d 897, 906 (N.D. Cal. 2023) (stating that the *Davidson* plaintiff had Article III standing because that plaintiff had no way of determining whether the representation of flushable wipes was in fact true without purchasing the wipes, and finding that "unlike the plaintiff in *Davidson*, plaintiff has not (and cannot) reasonably claim that he has no way of determining whether Defendants' representations are true") (other citations and quotations omitted); *see also Rahman v. Mott's LLP,* 13-cv-03482-SI, 2018 WL 4585024, at *3 (N.D. Cal. Sept. 25, 2018) (finding that, "[u]nlike *Davidson,* where a consumer's inability to rely on packaging misrepresentations in the future was the ongoing injury, [plaintiff] is able to rely on the packaging now that he understands the 'No Sugar Added' label"); and *In Re Coca Cola Products Marketing and Sales Practices Litigation*, 2021 WL 387654, at *1 (9th Cir. 2021) (observing that, because the claimed informational injury in *Davidson* (i.e. the inability to rely on the statement whether the wipes were truly flushable, as advertised), was particular to that

plaintiff, the allegations of such future informational injury was found to be concrete).

Like the plaintiffs in *Cimoli* and *Rahman*, Plaintiff's assertions fail to present plausible allegations of a real and immediate threat of future harm sufficient to confer standing to seek injunctive relief. Plaintiff's claim of future informational harm is based upon claims of past deception in believing that the fruits depicted on the labels are contained as ingredients. (FAC, ¶¶ 15d, g and h). Plaintiff does not claim that the statement of ingredients on the Purchased Products are false or hidden. The claim is based upon the Defendants' statement of contents set forth in the ingredient statements. (FAC, ¶ 33).

This matter is not akin to the circumstances pled in *Davidson*, or other cases, where a plaintiff cannot know whether or not he or she was deceived until after purchasing and using the product. *See Adam Elgindy v. AGA Service Company*, No. 20-cv-06304-JST, 2021 WL 1176535, at *6 (N.D. Cal. March 31, 2022) (finding Article III standing plausibly asserted, within ambit of *Davidson*, because, *inter alia*, plaintiff alleged that absent injunctive relief, he would not be able to determine whether hidden or unlawful fees would be charged); *see also In Re Bang Energy Drink Marketing Litig.*, No. 18-cv-05758-JST, 2020 WL 4458916, at *10-11 (N.D. Cal., Feb. 6, 2020) (ruling plaintiffs had adequately alleged standing because, among other reasons, those plaintiffs asserted that they regularly visited stores where the products are sold but had no way to be certain that the ingredient representations were true when they saw the products on the store shelves). Unlike *Davidson*, Plaintiff would merely have to look at the statements of ingredients, not alleged to be false, prior to purchase, to determine whether or not the fruits depicted on the labels are contained as ingredients.

Because the FAC lacks plausible allegations of a likelihood of future harm, just grounds exist to dismiss the claims for injunctive relief.

E.  **Plaintiff Cannot Recover Punitive Damages Based upon the Claims Pled**

Plaintiff does not claim damages under the CLRA, and only sues for injunctive relief under that statute. (FAC, ¶¶ 158 and 159). Nevertheless, Plaintiff sues for punitive damages. (FAC, prayer for relief, ¶ e). However, "[i]t is well-established that claims for relief under the

FAL and UCL are limited to restitution and injunctive relief." *Axelrod v. Lenovo*, No. 21-cv-06670-JSW, 2022 WL 976971, at *2 (N.D. Cal. March 31, 2022) (citing *Korea Supply Co.*, 29 Cal. 4th at 1146-49); *see also Brown v. Food for Life Baking Co.*, No. 21-CV-10054-TLT, 2023 WL 2637407, at *7 (N.D. Cal. Feb. 28, 2023) ("Punitive damages are not available under the UCL and FAL.") (citing *Roper v. Big Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903, 926 (E.D. Cal. 2020)); *Groupion, LLC v. Groupon, Inc.*, 859 F. Supp. 2d 1067, 1083 (N.D. Cal. 2012) (finding punitive damages "are not recoverable" under "California's UCL").

Punitive damages are also not recoverable for breach of warranty. "[T]he measure of damages for breach of contract is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." *Scheenstra v. California Dairies, Inc.*, 213 Cal. App. 4th 370, 405 (2013) (internal quotation marks omitted). "Except as expressly provided by statute, no person can recover a greater amount in damages for the breach of an obligation, than he could have gained by the full performance thereof on both sides." Cal. Civ. Code § 3358.

"The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." Cal. Com. Code § 2714(2); *see Maldonado v. Apple Inc.*, 3:16-cv-040467-WHO, 2021 WL 1947512, at *24 (N.D. Cal. May 4, 2021). Cal. Com. Code § 2714(3) provides that in a proper case, incidental and consequential damages under Cal. Com. Code § 2715 may be awarded.

Likewise, as to the quasi contract claim for unjust enrichment, punitive damages are not authorized. According to the Ninth Circuit in *Astiana v. Hain Celestial*, "there is not a standalone cause of action for 'unjust enrichment,' which is synonymous with 'restitution'."

*Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). The Court there stated that when a plaintiff alleges unjust enrichment, "a court may 'construe the cause of action as a quasi-contract claim seeking restitution'." *Id.*

Pursuant to Rule 12(b)(6), dismissal of the claims for punitive damages is warranted.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to dismiss the claims in the FAC for: fraudulent representations, based upon website and social media statements; unpurchased and unidentified products; injunctive relief; and punitive damages.

Dated: June 5, 2023

*/s/ Robert P. Donovan*
ROBERT P. DONOVAN
STEVENS & LEE
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Telephone: (201) 857-6778
Facsimile: (201) 857-6761
*Robert.donovan@stevenslee.com*

*Attorneys for Defendants,*
*Arizona Beverages USA LLC and*
*Hornell Brewing Co., Inc.*